THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PHILLIP J. DILLARD, Defendant-Appellant.

Third District   No. 3—84—0798

Opinion filed September 11, 1985.

Robert Agostinelli and Peter A. Carusona, both of State Appellate De-
fender's Office, of Ottawa, and Phillip J. Dillard, of Pontiac, *pro se*, for ap-
pellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita
Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of
counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Phillip J. Dillard, appeals from his convictions of rape, home invasion and armed robbery. On appeal, the defendant asserts that he was prejudiced by the prosecutor's trial comments; that he was not proved guilty beyond a reasonable doubt; and that he was prejudiced by the prosecutor's improper closing argument. We affirm.

The State presented the testimony of the victim. She testified that early on the morning of June 2, 1984, she awakened and saw the right arm and leg of a person next to her in her bed. Although she did not see her assailant, she thought that he was a black man. The assailant pushed the victim's head down into the bed and placed the point of an object at her neck. The victim testified that the object felt like a knife.

After raping the victim, the assailant searched the victim's home. He returned to the bedroom with the victim's purse. The assailant searched the victim's wallet and cigarette case. The victim testified that $70 was missing from her cigarette case.

Peoria police officer Clinton Wilson arrived at the victim's home at 6:05 a.m., in response to the victim's call to the police. He found a window screen leaning against the side of the house. The window from which the screen had been removed was raised higher than the other windows. The defendant's finger and palm prints were on the window screen.

The State also introduced evidence that the defendant's fingerprints were found on two Mother's Day cards which had been moved from the victim's stereo to a table. A vaginal swab revealed the presence of seminal material of the type found in 39% of the black male population. The semen type on the swab was consistent with the defendant's type.

The defendant presented testimony of two alibi witnesses, Harold Bennett and Diane Franklin. Franklin testified that the defendant was with her from 11:30 p.m. until after 6 a.m. on the morning of the assault. Bennett testified that at 6 a.m., he telephoned Franklin's home and spoke with the defendant.

In rebuttal, Peoria police officer Charles Cannon testified that the defendant stated that he was in Alton on June 2. Following his conviction, the defendant was sentenced to three concurrent 60-year terms of imprisonment.

The defendant asserts that he was not proved guilty of the charged offenses beyond a reasonable doubt. He argues first that while the evidence showed that he had been at the victim's home, it did not prove that he was her assailant.

■ A court of review will not reverse a criminal conviction unless the evidence is so improbable as to raise a reasonable doubt of the defendant's guilt. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.) In the instant case, the defendant's finger and palm prints were found on the screen removed from the window through which the assailant entered. His fingerprints were also found on items within the victim's home which were touched by the assailant. The assailant's seminal sample was consistent with the defendant's. The evidence of the defendant's identity as the assailant clearly does not raise a reasonable doubt of the defendant's guilt.

The defendant also asserts that he was not proved guilty of the offenses of home invasion and armed robbery because the evidence failed to establish that he was armed with a knife. The indictment for both offenses set out that the defendant was "armed with a dangerous weapon, a knife." The defendant argues that the victim's testimony was insufficient to establish that the instrument used in the offenses was a knife.

The victim testified that she stopped struggling with her assailant because she knew he was pressing the point of a knife to her neck. On cross-examination, the victim acknowledged that it could have been a pencil. However, throughout the cross-examination, she continuously asserted that the object felt like a knife. She rejected defense counsel's suggestions that the object could have been one of several other items.

■ Again, we find that the evidence was not so improbable as to raise a reasonable doubt that the defendant was armed with an object other than a knife. The victim testified that the object felt like a knife. The potential for an assailant breaking into a home and robbing and raping its occupant armed with a sharpened pencil does not create a reasonable doubt of guilt.

■ The defendant's second issue on appeal is whether the defendant was denied a fair trial by the prosecutor's improper remarks in closing argument. After reviewing the record, we find no reversible error in the prosecutor's closing argument.

The defendant's final issue on appeal is whether comments by the prosecutor during trial denied the defendant a fair trial.

The defendant filed a pretrial motion to prevent the State from introducing evidence of other crimes to show *modus operandi*. The court ruled that it would hear an offer of proof outside the presence of the jury at the appropriate time. Following the presentation of the State's evidence, the prosecutor stated, "We do have further evidence which may or may not be admissible, and I would ask that first we

make an offer of proof outside the presence of the jury." After the jury was removed, the defendant moved for a mistrial. This motion was denied.

We find that the prosecutor's inappropriate remark did not deny the defendant a fair trial. The prosecutor's remark was an isolated comment. (Compare *People v. Hovanec* (1976), 40 Ill. App. 3d 15, 351 N.E.2d 402.) The fact that there was additional evidence was never argued to the jury. (Compare *People v. Barnes* (1982), 107 Ill. App. 3d 262, 437 N.E.2d 848.) A witness was not examined regarding the existence of inadmissible evidence. (Compare *People v. Burton* (1978), 63 Ill. App. 3d 915, 380 N.E.2d 929.) Significantly, the trial court in the instant case also instructed the jury to disregard the prosecutor's comment immediately after the offer of proof and again instructed the jury at the close of all the evidence to disregard questions or exhibits which were withdrawn or to which objections were sustained.

Given the limited nature of the improper remark and the trial court's curative measures, we find that the defendant was not denied a fair trial.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.