THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. PHILLIP DILLARD, Petitioner-Appellant.

Third District   No. 3—89—0463

Opinion filed September 27, 1990.

Timothy M. Gabrielsen, of State Appellate Defender's Office, of Springfield, for appellant.

Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of Ottawa, and Robert D. Gaubas, of Robert D. Gaubas, Ltd., of Peoria, for the People.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Phillip Dillard, appeals from the dismissal of his petition for post-conviction relief. The petition was based on an allegation of ineffective assistance of counsel. The petitioner contends on appeal that dismissal was improper because the issues contained in the petition could not have been raised on direct appeal.

Following a jury trial, the petitioner was convicted of home invasion, rape, and armed robbery. The trial court sentenced him to concurrent terms of 60 years' imprisonment. After his conviction was affirmed on direct appeal, *People v. Dillard* (1985), 136 Ill. App. 3d 318, 483 N.E.2d 634, the petitioner filed a petition for post-conviction relief. The trial court granted the State's motion to dismiss that petition, but this court reversed that ruling on the ground that appointed post-conviction counsel rendered inadequate assistance in his repre-

sentation of the petitioner. On remand, the State again moved for the petition's dismissal. New counsel was appointed, and the trial court again granted the State's motion to dismiss the petition. The petitioner appeals.

The petitioner asserts that he was denied his constitutional right to effective assistance of counsel. In support of the allegation of incompetency, the petitioner stated that his trial counsel failed to submit crucial alibi evidence and failed to allow the petitioner to testify on his own behalf.

The State filed a motion to dismiss the petition, arguing that the issues were waived because they could have been raised on direct appeal. The trial court dismissed the petition without an evidentiary hearing.

■ The issue on appeal is whether the petitioner was entitled to an evidentiary hearing. In order to obtain a hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*), a petitioner must make a substantial showing that his constitutional rights have been violated. The burden is on the petitioner to set forth the violations and support the allegations by affidavits, records, or other evidence containing specific facts. (*People v. Graham* (1977), 48 Ill. App. 3d 689, 363 N.E.2d 124.) Mere conclusory allegations that constitutional rights have been violated are insufficient to entitle the petitioner to an evidentiary hearing. *People v. Hysell* (1971), 48 Ill. 2d 522, 272 N.E.2d 38.

■ In assessing the sufficiency of the allegations, if the allegations and supporting documents were true and would establish a constitutional violation, the trial court must hold a hearing to determine the actual facts. *People v. Edmonds* (1979), 79 Ill. App. 3d 33, 398 N.E.2d 230.

At trial, evidence was presented showing that the petitioner's fingerprints were found in the complainant's house. In addition, the complainant testified as to her recollection of this incident, but she could not make a positive identification of her assailant. The petitioner contends that had he testified he could have explained why or how his fingerprints were found in the complainant's home. The petitioner asserts that he entered the complainant's residence on two prior occasions, once to purchase a record player at a garage sale and another time at the complainant's request. The petitioner contends that his trial counsel could have discovered this information had he adequately prepared a defense.

■ This court has held defense counsel ineffective for failing to subpoena witnesses and evidence tending to corroborate the defense

presented at trial. (*People v. Corder* (1982), 103 Ill. App. 3d 434, 431 N.E.2d 701.) Whether a failure to investigate is incompetence depends upon the value of the evidence and the closeness of the case. *People v. Jarnagan* (1987), 154 Ill. App. 3d 187, 506 N.E.2d 715.

In *Corder*, defense counsel failed to introduce into evidence physical evidence or testimony that would have corroborated the defendant's trial testimony and exonerated him. The State's primary witness, an undercover police officer at the alleged drug purchase, testified that the heroin seller was clean shaven. Witnesses could have been called to testify that the defendant wore a beard before, during, and after the time of the offense, and a driver's license photo, taken only six days later, showed the defendant to have been bearded.

■ In the instant case, the petitioner was prepared to testify that he was in the complainant's apartment on two prior occasions. The petitioner contends that he bought a few items from the complainant at her garage sale and that the items, located in his residence in Peoria, were accessible to his ex-wife and that she could have provided them to defense counsel. Such evidence, had it been introduced at trial, may have explained why the petitioner's fingerprints were found in the complainant's apartment. Further, such evidence may have impeached the complainant's testimony that she did not know the petitioner prior to this incident. In a case based primarily on circumstantial evidence, defense counsel's failure to investigate this evidence constitutes ineffective assistance of counsel.

The petitioner also argues that appointed counsel's performance failed to comply with the statutory duties imposed upon counsel under the Post-Conviction Hearing Act and Supreme Court Rule 651(c). Supreme Court Rule 651(c) provides in relevant part:

> "The record *** shall contain a showing *** that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, *** and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 107 Ill. 2d R. 651(c).

Some evidence was offered by the State to show that appointed post-conviction counsel consulted with the petitioner as required by Rule 651(c). However, without detailing such evidence, we believe it is insufficient to show reasonable consultation and, in fact, any efforts made at consultation were minimal.

■ In cases such as this, unless proper representation is afforded, the appointment of an attorney under the Post-Conviction Hearing Act is an empty formality. (*People v. Garrison* (1969), 43 Ill.

2d 121, 251 N.E.2d 200.) In the instant case, we do not believe that the evidence was sufficient for the trial court to have found that the petitioner was afforded adequate representation. Accordingly, we conclude that the trial court erred in granting the State's motion to dismiss the petition for post-conviction relief. The judgment of the circuit court of Peoria County is reversed, and this cause remanded for the appointment of new counsel and for an evidentiary hearing.

Reversed and remanded.

HEIPLE, P.J., and GORMAN, J., concur.