THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM J. DeROSSETT, Defendant-Appellant.

Fourth District    No. 4—93—0125

Opinion filed June 2, 1994.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Following a jury trial in the circuit court of Champaign County, defendant, community gadfly and amateur litigator, William J. DeRossett, was found guilty of criminal trespass to real property. (Ill. Rev. Stat. 1991, ch. 38, par. 21—3.) He was sentenced to 12 months' probation and 50 hours of public service. Defendant appeals, contending he was denied his sixth and fourteenth amendment rights to counsel and the effective assistance of counsel. We affirm.

Defendant was arrested and charged with criminal trespass to real property for refusing to leave the Urbana City Building at the conclusion of a city council meeting. He had attended the council meeting and addressed the council during time set aside for public statements. During that time, defendant had angrily presented his self-described "petition for remedy and of grievance," apparently concerning the city's actions in towing his car. When he refused to relinquish the podium after his allotted speaking time had expired, police officers were required to remove him from the council chambers. Defendant later returned to the meeting and refused to leave his seat there when requested to do so by Urbana city police officers at the conclusion of the meeting. Members of the general public and most city officials had left the building and the lights were being turned off when defendant was asked to leave.

At his arraignment on October 6, 1992, defendant waived his right to counsel. He later had a change of heart and requested appointment of counsel. The public defender was appointed and defendant's trial date postponed to allow sufficient time for counsel to prepare. The particular assistant public defender assigned to the case brought to the court's attention the fact he had previously represented defendant and defendant had indicated he was "not happy" with his representation. The court found no basis for vacating appointment of the public defender because, although defendant elected to proceed *pro se* in the prior case, he asked the assistant public defender to serve as advisory counsel and admitted it helped him to have counsel's services available. See *People v. DeRossett* (1992), 237 Ill. App. 3d 315, 604 N.E.2d 500.

On December 17, 1992, after the jury was selected and sworn, but before opening statements were given, defendant advised the court he was "extremely dissatisfied" with his trial counsel because they disagreed about the type of defense to put forth. Defendant wanted to base his defense on a claim of constitutional violations and introduce into evidence tapes of the city council meeting where he was asked to vacate the podium after using up his allotted speaking time. He also wanted to subpoena witnesses other than the police officers being called by the State. The prosecution argued and defense counsel

conceded the matters depicted on the tapes were a different matter and separate from defendant's refusal to leave the city building after the meeting concluded. The court then ruled the contents of the tapes were irrelevant and it would not admit them if offered as evidence.

When defendant continued to assert he was not being adequately represented, defense counsel moved to withdraw. The trial court proceeded to advise defendant he had a constitutional right to represent himself, but he would be held to the same standard as an attorney when it came to courtroom procedure. The court apprised defendant of the potential penalties if convicted and asked defendant if he still wanted to represent himself. When defendant failed to answer, the trial court denied defense counsel's motion to withdraw.

At trial, defense counsel cross-examined the prosecution witnesses but did not call any witnesses. Defense counsel would not allow defendant to cross-examine witnesses, and when defendant brought this to the trial court's attention, his request to cross-examine witnesses himself was denied. Defense counsel advised defendant not to testify but left the decision up to defendant. When defendant notified the court he wanted to testify but *only* in narrative form in order to present evidence regarding his statement to the city council, the trial court informed defendant it would sustain an objection to such testimony. Defendant then decided not to testify. Defense counsel delivered a short closing argument.

At the January 21, 1993, hearing on defendant's post-trial motion, defense counsel informed the court defendant had added a handwritten addendum stating counsel was imposed upon him under duress and he was denied effective assistance of counsel. While defense counsel declined to argue these issues, the trial court discussed them at length before denying the motion.

Defendant claims his constitutional right to counsel was violated by the trial court's failure to review his pretrial complaints against defense counsel; by the court's failure to appoint different counsel, rather than forcing him to choose between appointed counsel or self-representation; and by the court's failure to appoint counsel to represent him on his post-trial claim of ineffective assistance of counsel.

■ We turn first to defendant's pretrial complaints against defense counsel and his request for appointment of different counsel. Initially, we agree with the State's contention this issue has been waived because it was not raised in defendant's post-trial motion or addendum. To preserve an issue for review, the complained-of error must be included in the post-trial motion. (*People v. Ramey* (1992), 151 Ill. 2d 498, 531, 603 N.E.2d 519, 532.) We nonetheless take this

opportunity to reiterate an indigent defendant does not have a right to court-appointed counsel of his choice (*People v. Cox* (1961), 22 Ill. 2d 534, 537, 177 N.E.2d 211, 213), nor does a defendant have the right to select a particular assistant public defender to represent him. (*Cox*, 22 Ill. 2d at 537, 177 N.E.2d at 213; *People v. Lewis* (1988), 165 Ill. App. 3d 97, 103, 518 N.E.2d 741, 745.) In addition, the sixth amendment guarantee of counsel does not also guarantee a "meaningful relationship" or rapport between an accused and his counsel. *Morris v. Slappy* (1983), 461 U.S. 1, 13-14, 75 L. Ed. 2d 610, 621, 103 S. Ct. 1610, 1617.

■ In this case defendant waited until after the jury was impaneled before complaining to the court about his disagreements with counsel about trial strategy. Despite the waiting jury, the court patiently took the time to consider the specifics of defendant's complaint. The court correctly found the tapes defense counsel refused to use as evidence were not germane. The relevant issue for the jury to decide was whether defendant remained on property after receiving notice from the owner or occupant to leave. (Ill. Rev. Stat. 1991, ch. 38, par. 21—3(a).) When defendant argued special circumstances existed due to the "long and difficult relationship between defendant and defense counsel," the trial court noted defendant both criticized and praised counsel during prior representation. Since the trial court agreed with defense counsel's assessment of the tapes, it found his representation to be effective at that point. There was no reason to appoint different counsel and no error in not doing so.

In addition, the timing of defendant's complaint supports the court's decision to deny the motion. Defendant was familiar with the criminal justice system and had represented himself in a previous prosecution for criminal trespass. He waited until after the jury was impaneled and sworn and jeopardy had attached (*People v. Shields* (1979), 76 Ill. 2d 543, 546, 394 N.E.2d 1161, 1163), before informing the court of his dispute with defense counsel. When the court advised defendant of the option of self-representation, defendant first feigned ignorance and then refused to answer the court. In his previous trespass case, defendant moved for a continuance on the day of trial claiming he was unprepared. (*DeRossett*, 237 Ill. App. 3d at 331, 604 N.E.2d at 511.) On November 9, 1992, the date set for jury trial on an unrelated disorderly conduct charge, defendant requested counsel be appointed for him after all and refused to change out of his jail-issued orange jumpsuit, resulting in the continuance of that trial. Defendant knows how to manipulate the system and has a history of engaging in dilatory tactics, which supports the inference one of defendant's motives in asking for new counsel was to delay the trial or force the court to discharge the jury.

We note defendant's familiarity with the criminal justice system but we do not want to encourage him in his efforts to serve as his own lawyer or his criticism of the efforts of appointed counsel. Familiarity should not be confused with competence. His *pro se* outing in the previously cited *DeRossett* case resulted in a conviction. We reversed and remanded as a result of trial court error alone. (*DeRossett*, 237 Ill. App. 3d at 319, 604 N.E.2d at 504.) Our decision had nothing to do with any expertise on the part of defendant.

•3 Defendant's final contention is the trial court failed to appoint new counsel to investigate and represent his *pro se* allegations of ineffective assistance of counsel, relying upon *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045. However, before doing so a trial court should examine the factual matters underlying a defendant's *pro se* allegations to determine if they have merit.

> " '[I]f the claim lacks merit or pertains to matters of trial strategy, then no new counsel need be appointed[, but] if the allegations show possible neglect of the case *** new counsel [should] be appointed.' " (*People v. Nitz* (1991), 143 Ill. 2d 82, 134, 572 N.E.2d 895, 919, quoting *People v. Washington* (1989), 184 Ill. App. 3d 703, 711, 540 N.E.2d 1014, 1019.)

In this case the trial court looked into defendant's specific allegations and found them to be meritless. We agree. No appointment of counsel was necessary.

Defendant alleged defense counsel failed to call as witnesses anyone else attending the city council meeting and present during his alleged offense, failed to present the semblance of a defense, and failed to include in his post-trial motion allegations of prosecutorial and judicial misconduct and fraud. Further, he alleged counsel was imposed upon him under duress after illegal incarceration and denial of competent medical care.

Whether a failure to investigate and present evidence is incompetence depends upon the value of the evidence. (*People v. Dillard* (1990), 204 Ill. App. 3d 7, 9-10, 561 N.E.2d 1219, 1220.) Testimony of witnesses to defendant's statements before the city council would have been irrelevant and possibly prejudicial to defendant. The record does not indicate any witnesses to the notice given to defendant to leave the building after the meeting and his failure to do so other than the police officers who testified. Therefore, there were no viable witnesses for defense counsel to call. Counsel's actions were based solely on trial strategy.

Defendant alleges defense counsel interfered with his fundamental right to testify in his own behalf. The record indicates, however, defense counsel advised defendant not to testify but stated it was

defendant's right to make the ultimate decision. Absent evidence trial counsel actually refused to allow defendant to testify, advice not to do so is a matter of trial strategy and does not constitute ineffective assistance of counsel. (*People v. McGhee* (1992), 238 Ill. App. 3d 864, 880, 605 N.E.2d 1039, 1050.) Here the defendant decided not to testify when he was informed by the trial court he would not be allowed to testify in narrative form.

Finally, the record of the hearing on November 9, 1992, when counsel was appointed gives no indication defendant was in need of medication at that time. In addition, the trial court indicated it was its recollection defendant did not appear to be in need of medication at that time. There is no indication defendant was under any duress when counsel was appointed for him. There is also no indication of prosecutorial or judicial misconduct.

To establish ineffective assistance of counsel, a defendant must prove his counsel's performance was so seriously deficient that it fell below objective standards of reasonableness and the deficient performance so prejudiced defendant's defense as to deny him a fair trial. (*People v. Johnson* (1993), 154 Ill. 2d 356, 369, 609 N.E.2d 294, 301.) This case involved merely a trial-long dispute between defendant and defense counsel about trial strategy. Defendant has not shown his counsel to be ineffective. On the contrary, defense counsel's actions were reasonable and appropriate. There is also no indication the result of defendant's trial would have been any different.

A public defender's lot is not an easy one as he or she is not allowed to choose his or her clients. Often, the factual situations presented do not lend themselves to a strong defense, nor do they lend themselves to the defense or strategy desired by the client. In this case, defendant's antagonism toward trial counsel made counsel's job especially difficult. Despite this, there is nothing in the record to indicate counsel's performance in this case was anything but competent. Both the trial court and the public defender displayed admirable patience and restraint in dealing with this defendant.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.