10/24                          NO. 4-94-0928

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from

          Plaintiff-Appellee,           )    Circuit Court of

          v.                            )    Adams County

KERRY L. POPE,                          )    No. 94CF238

          Defendant-Appellant.          )

                                        )    Honorable

                                        )    Mark A. Schuering,

                                        )    Judge Presiding.

_________________________________________________________________

          PRESIDING JUSTICE COOK delivered the opinion of the

 court:

          Following a jury trial, defendant Kerry Pope was

convicted of three counts of aggravated criminal sexual assault. 

Ill. Rev. Stat. 1991, ch. 38, par. 12-14(b)(1), now 720 ILCS

5/12-14(b)(1) (West 1994).  During the preparation of the presen-

tence investigation report, defendant submitted a written state-

ment to the probation office.  In this statement, defendant

essentially alleged that he received ineffective assistance of

counsel.  At the sentencing hearing, the trial court indicated

that it had read defendant's statement, but it conducted no

inquiry into the statement's allegations.  The court then sen-

tenced defendant to consecutive sentences totalling 80 years'

imprisonment.  Defendant appeals, contending that the trial court

erred in not conducting an inquiry into his allegations of

ineffective assistance of counsel.  We affirm.

          At trial, the evidence established that defendant met

A.K.G. sometime in the summer or fall of 1993, and soon thereaf-

ter he became a frequent overnight visitor at her Quincy, Illi-

nois, residence.  At the time of their meeting, defendant was 32

years old and A.K.G. was 12.  Defendant initiated sexual activity

with A.K.G., telling her that he intended to marry her when she

turned 14.  A.K.G. testified that defendant sexually penetrated

her numerous times between November 1993 and March 1994, but

defendant was charged with only three of these incidents.  The

first incident occurred sometime in November 1993, in A.K.G.'s

Quincy residence, the second occurred in February 1994, while

A.K.G. and her family were living temporarily in a hotel, and the

third occurred in March 1994, while A.K.G. and defendant were

overnight guests in the home of Carol Reed.

          Defendant did not testify at trial, but after his

conviction, he challenged the State's facts in an unsworn state-

ment that was included in defendant's presentence investigation

report.  In this statement, defendant expressed dissatisfaction

with his appointed counsel.  First, defendant alleged that his

counsel failed to call witnesses.  Defendant asserted he first

met A.K.G.'s mother in September 1992, was arrested for an

unrelated offense in October 1992, then spent eight months in

Illinois and Arkansas jails before returning to Quincy.  He

continued:

          "I lived with a woman, Tammy Thomson, then 

          with an ex[-]girlfriend Lynda Young, then with 

          my little brother, all of which were across 

          town [from A.K.G.].  At no time did I see 

          [A.K.G.] or her family.  Not until I moved

          back in with my parents late last fall 93.

          All of this could and should have been proven.

          These witnesses should have been called."

Defendant further alleged that Young could have testified that

defendant spent weekends at her Quincy residence, contrary to the

State's assertion that defendant was at A.K.G.'s residence on a

daily basis.

          In addition to criticizing counsel's failure to call

witnesses, defendant complained that counsel "never asked the

right questions in cross[-]examination."  Defendant alleged that

he only met twice with his attorney before trial, "at which time

I tried to get [counsel] to call my witnesses, which obviously he

refused to do.  He told me I was a liar and to shut up.  Then he

told me to screw myself and walked out.  When we did talk, he cut

me short or twisted my words around."  Finally, defendant stated,

"I want it on record that I could have proved my case but I was

misinformed or not informed at all as to my options and rights

by--counsel, and was poorly defended by any standard."

          Defense counsel did not file a post-trial motion.  At

the sentencing hearing, defense counsel stated that he had

reviewed the presentence investigation report with defendant, and

that there were "obviously some things we don't agree with[.]" 

Counsel made no clear reference to defendant's allegations of

ineffective assistance of counsel, and defendant said nothing on

the issue at the hearing.  The trial court indicated that it had

read defendant's statement, but the court did not inquire about

it.  The court said, "[A]lthough you have alluded to the necessi-

ty for others that may have contradicted certain aspects of

testimony, I found that the witnesses were in fact credible and

that there was proof beyond a reasonable doubt for all three of

these offenses."  Accordingly, the court imposed consecutive

sentences totalling 80 years' imprisonment.

          When a pro se defendant raises a post-trial claim of

ineffective assistance of counsel, the trial court may, under

certain circumstances, appoint new counsel to assist the defen-

dant in the presentation of his claim.  People v. Giles, 261 Ill.

App. 3d 833, 847, 635 N.E.2d 969, 979 (1994); People v. Krankel,

102 Ill. 2d 181, 189, 464 N.E.2d 1045, 1049 (1984).  The trial

court should first conduct an "adequate inquiry" to determine the

factual basis for defendant's claims.  People v. Johnson, 159

Ill. 2d 97, 125, 636 N.E.2d 485, 497 (1994).  If the court deter-

mines that the claims lack merit or pertain only to matters of

trial strategy, then new counsel is unnecessary.  Giles, 261 Ill.

App. 3d at 847, 635 N.E.2d at 979.  If, however, the inquiry

reveals trial counsel's possible neglect of the case, then the

court should appoint new counsel.  Giles, 261 Ill. App. 3d at

847, 635 N.E.2d at 979.  The appointed counsel can then "under-

take an independent evaluation of the defendant's claim and

present the matter to the court from a detached, yet adversarial,

position."  People v. Jackson, 131 Ill. App. 3d 128, 139, 474

N.E.2d 466, 474 (1985).  Trial counsel can hardly be expected to

argue his own incompetency.  People v. Ruiz, 132 Ill. 2d 1, 9,

547 N.E.2d 170, 173 (1989).

          Defendant contends that because the trial court never

conducted an inquiry into his allegations of ineffective assis-

tance of counsel, we must remand for the court to conduct such an

inquiry.  The trial court could then determine whether the ap-

pointment of new counsel is warranted.  We disagree.

          As a threshold matter, it is not clear that defendant

adequately raised the issue of trial counsel's alleged incompe-

tence.  Defendant neither filed a pro se motion nor did he ever

request appointment of new counsel.  However, a filed, formal

motion is not always necessary to trigger a trial court's duty to

inquire into allegations of ineffective assistance.  In People v.

Finley, 222 Ill. App. 3d 571, 584 N.E.2d 276 (1991), the defen-

dant wrote the trial judge a letter in which he alleged that his

trial counsel was ineffective for failing to call specific

witnesses who could have contradicted the State's case.  The

first district concluded that remand was necessary to determine

whether appointment of new counsel was warranted because the

trial judge failed to give proper consideration to the potential-

ly meritorious claims contained in the letter.  Finley, 222 Ill.

App. 3d at 584, 584 N.E.2d at 285.  Similarly, in Giles, we con-

cluded that the defendant "essentially filed a pro se motion with

the trial court" when he sent a letter to the trial judge. 

Giles, 261 Ill. App. 3d at 847, 635 N.E.2d at 979.

          Here, defendant never asked the trial court for relief. 

If a trial court receives notice that a defendant has received

inadequate representation, the court can sua sponte take steps to

safeguard the defendant's rights.  However, we held that where a

trial court simply becomes aware that a defendant has criticized

counsel's performance, the court has no duty to investigate

defendant's claims if they are patently without merit or unsup-

ported by specific factual allegations.  We note that had defen-

dant filed a petition for post-conviction relief under the Post-

Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 1994)),

the trial court could have dismissed without a hearing, claims

that were frivolous, patently without merit, or unsupported by

sufficient facts from which the court could find a valid claim of

deprivation of a constitutional right.  See People v. Lemons, 242

Ill. App. 3d 941, 944-46, 613 N.E.2d 1234, 1236-37 (1993).  No

greater attention should be afforded more informal claims.

          Defendant's claims were either meritless on their face

or unsupported by sufficient factual allegations.  First, defen-

dant claimed that his attorney failed to call Young, Thomson, and

his brother as witnesses.  Whether a failure to investigate and

present evidence is incompetence depends upon the value of the

evidence.  People v. DeRossett, 262 Ill. App. 3d 541, 545, 634

N.E.2d 1257, 1260 (1994).  Defendant alleged that these witnesses

could have testified regarding his whereabouts prior to fall

1993.  This testimony is simply irrelevant, as the offenses

allegedly commenced in November 1993.  Defendant further alleged

that Young could testify that he spent weekends across town at

Young's home.  Even if true, this testimony does not provide

defendant with an alibi.  Defendant could have spent time in

Young's home and still have been a frequent overnight guest in

A.K.G.'s home.  Counsel's failure to present irrelevant testimony

is not incompetence.  See DeRossett, 262 Ill. App. 3d at 545, 634

N.E.2d at 1260.  Second, defendant claimed that his attorney

failed to ask the "right questions" on cross-examination. 

Defendant does not suggest what questions counsel should have

asked.  Moreover, trial counsel's decisions regarding the extent

of cross-examination are matters of trial strategy, and such

decisions are not subject to review.  See People v. Whitamore,

241 Ill. App. 3d 519, 525, 608 N.E.2d 1304, 1310 (1993).  Third,

defendant claimed trial counsel had a bad rapport with defendant. 

Counsel allegedly called defendant a liar and told him to screw

himself.  However, "the sixth amendment guarantee of counsel does

not also guarantee a 'meaningful relationship' or rapport between

an accused and his counsel."  DeRossett, 262 Ill. App. 3d at 544,

634 N.E.2d at 1259, quoting Morris v. Slappy, 461 U.S. 1, 13-14,

75 L. Ed. 2d 610, 621, 103 S. Ct. 1610, 1617 (1983).  Finally,

defendant claimed that he was not informed or was misinformed of

his rights and options.  Defendant lists only two specifics:  (1)

he was not informed that the State could present witnesses in

addition to those who testified at the preliminary hearing, and

(2) he was not informed that he could not present new evidence on

appeal.  We cannot see how defendant was prejudiced by this lack

of information.

          We conclude that the trial court did not err in failing

to consider defendant's meritless and unsupported claims of inef-

fective assistance of counsel.  Remand is unnecessary.  However,

we note that if defendant is able to flesh out his claims with

sufficient factual allegations, he may still petition for post-

conviction relief.  See 725 ILCS 5/122-1 et seq. (West 1994).

          Affirmed.

          STEIGMANN and KNECHT, JJ., concur.