THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID L. REED, Defendant-Appellant.

Fourth District   No. 4—03—0674

Opinion filed November 4, 2005.—Rehearing denied November 30, 2005.

COOK, P.J., dissenting.

Daniel D. Yuhas and Nancy L. Vincent, both of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Champaign (Norbert J. Goetten, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the court:

A grand jury indicted defendant, David L. Reed, on one count of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 2002)). The child was his 10-year-old stepdaughter, L.H. In a pretrial hearing, the trial court ruled that L.H.'s out-of-court statements to her mother and the police would be admissible at trial under the statutory exception to the hearsay rule in section 115—10 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—10 (West 2002)). At trial, the State called L.H. as a witness and also presented her hearsay statements. The jury found defendant guilty, and the court sentenced him to 30 years' imprisonment.

Defendant appeals on four grounds: (1) evidence of a collateral sex crime deprived him of a fair trial, (2) section 115—10 is facially unconstitutional in that it violates the confrontation clause of the sixth amendment (U.S. Const., amend. VI), (3) the trial court failed to inquire into defendant's posttrial allegations of ineffective assistance of counsel, and (4) the court shorted him a day of presentence credit.

We find that defendant is entitled to an additional two days of presentence credit and order the clerk of the circuit court to amend the sentencing judgment accordingly. As for evidence of the uncharged sex offense, it was admissible under section 115—7.3 of the Code (725 ILCS 5/115—7.3 (West 2002)). Because L.H. testified at trial and was subject to cross-examination, the admission of her hearsay statements did not violate the confrontation clause. In its present form, defendant's claim of ineffective assistance lacks merit on its face, and therefore we decline to remand this case for an investigation of that claim. We affirm the trial court's judgment as modified to reflect the additional two days' credit and remand with directions.

## I. BACKGROUND

According to the indictment, defendant committed predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 2002)) on October 17, 2002, by placing his sex organ into L.H.'s mouth.

In a pretrial hearing on May 12, 2003, defendant complained to the trial court that his appointed counsel, Kevin Nolan, had declined to subpoena the witnesses whom defendant had requested because, as Nolan had advised him, "they might get up on the stand and just say *** they don't know anything." In response, Nolan told the court he had "fully apprised" defendant "as to the law and facts and what can be presented at trial" and although "[t]here [were] a couple [of] outstanding investigations," he expected to be ready for trial the next week. The court declined to appoint substitute counsel, and rather than represent himself, defendant chose continued representation by Nolan.

In the jury trial on May 20, 2003, L.H. testified that defendant came into her bedroom at night and "made [her] suck his stuff," by which she meant "the part where he goes pee." L.H.'s mother, Kela, testified she saw defendant coming out of L.H.'s bedroom with his pants down. Her suspicions aroused, she went to L.H.'s bedroom and heard her whimpering. While defendant sat on the toilet in the bathroom down the hall, Kela had a talk with L.H., in a soft tone of voice, outside defendant's hearing. L.H. told her: " 'Dad made me suck his stuff.' " Kela headed straight for the telephone. Defendant snatched the receiver out of her hand and telephoned his mother, informing her that "he was getting ready to go to jail, because Kela said that [he was] making her daughter." Actually, Kela had said nothing to him. She then telephoned the police while defendant got dressed. Upon their arrival, the police interviewed L.H. Later on, in the child advocacy center, they interviewed her again. A police officer testified to L.H.'s statement that defendant had compelled her to have oral sex twice—not only on October 17, 2002, but also on a previous, uncharged occasion. The State called a forensic scientist, Dana Pitchford, who testified that a swab of L.H.'s vagina revealed the presence of semen but no sperm. Pitchford also examined a piece of tissue paper seized from the Reed house. Although Pitchford had been told that the tissue contained Kela's saliva, she found no saliva on it; she found only semen, from which she could identify no "male profile." Defendant took the stand and denied ever asking L.H. to "suck his stuff" or putting his penis in her mouth. The jury found him guilty.

After conviction but before sentencing, defendant wrote the trial court a letter complaining that Nolan had failed to subpoena witnesses who might have helped the defense. Defendant enclosed a list

of 20 witnesses along with letters from some of them. Without responding to defendant's letter, the court sentenced him to 30 years' imprisonment with 284 days' credit.

This appeal followed.

## II. ANALYSIS

### A. Evidence of an Uncharged Sex Offense

At trial, L.H. testified that defendant compelled her to have oral sex "twice": not only "this time *** when the police came" but also "one other time." The State charged defendant with only one incident of predatory criminal sexual assault of a child. Defendant argues the State adduced evidence of the other incident for the improper purpose of enhancing L.H.'s credibility by showing that defendant had a propensity to commit sex crimes. At common law, evidence of other crimes is inadmissible to prove the defendant's propensity to commit crime. *People v. Bean*, 137 Ill. 2d 65, 107, 560 N.E.2d 258, 277 (1990); *People v. Kliner*, 185 Ill. 2d 81, 147, 705 N.E.2d 850, 883 (1998).

■ The General Assembly has enacted a statute that supersedes that rule of common law in cases of sexual misconduct: section 115—7.3 of the Code (725 ILCS 5/115—7.3 (West 2002)). Under that statute, if three conditions are fulfilled, uncharged sex offenses are admissible to prove the defendant's propensity to commit the charged sex offense. 725 ILCS 5/115—7.3(b) (West 2002); *People v. Donoho*, 204 Ill. 2d 159, 176, 788 N.E.2d 707, 718 (2003). First, the uncharged sex offense must be "otherwise admissible under the rules of evidence" (725 ILCS 5/115—7.3(b) (West 2002))—"otherwise" meaning but for the common-law prohibition of propensity evidence (*Donoho*, 204 Ill. 2d at 176, 788 N.E.2d at 718). "Thus, evidence that is normally inadmissible, such as hearsay evidence, remains inadmissible." *People v. Childress*, 338 Ill. App. 3d 540, 551, 789 N.E.2d 330, 339 (2003). Second, the "probative value of the evidence" must outweigh its "undue prejudice," considering such factors as "proximity in time" and "the degree of factual similarity." 725 ILCS 5/115—7.3(c)(1), (c)(2) (West 2002). Third, the State must "disclose the evidence *** at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." 725 ILCS 5/115—7.3(d) (West 2002).

■ Other than the traditional rule against propensity evidence, defendant invokes no other rule of evidence barring the uncharged sex offense. L.H.'s testimony that defendant compelled her to have oral sex on a previous occasion was not hearsay. The testimony was relevant. See *Donoho*, 204 Ill. 2d at 170, 788 N.E.2d at 714 (common law regarded propensity evidence not as lacking probative value but as

having too much probative value). It is unclear when defendant allegedly compelled L.H. to have oral sex the first time. He could not have done so more than 10 years before the charged offense, because L.H. was only 10 at the time of trial. The supreme court has found no abuse of discretion in admitting evidence of a sex offense that preceded the charged offenses by 12 to 15 years. *Donoho*, 204 Ill. 2d at 184, 788 N.E.2d at 722. The previous offense in this case had a threshold "factual similarity" to the charged offense in that both were oral sex performed by L.H. upon defendant. Defendant does not claim to have received untimely notice of the alleged previous offense. Therefore, we find no abuse of discretion in the trial court's decision to admit evidence of the prior, uncharged incident of predatory criminal sexual assault of a child. See 725 ILCS 5/115—7.3(b) (West 2002).

The trial court apparently did not rely on section 115—7.3, and neither party cited that statute in the proceedings below. Nor do they cite it now. Nevertheless, we review the trial court's judgment, not its rationale. *People v. Rodriguez*, 187 Ill. App. 3d 484, 489, 543 N.E.2d 324, 327 (1989). We can affirm for any reason the record supports. *People v. Buss*, 187 Ill. 2d 144, 205, 718 N.E.2d 1, 35 (1999).

### B. The Asserted Facial Unconstitutionality of Section 115—10

At trial, Kela and two police officers testified to L.H.'s out-of-court statements to them regarding defendant's sexual misconduct. In a hearing pursuant to section 115—10(b)(1) of the Code (725 ILCS 5/115—10(b)(1) (West 2002)), the trial court had ruled that "the time, content, and circumstances" of those hearsay statements "provide[d] sufficient safeguards of reliability" to make the statements admissible at trial (725 ILCS 5/115—10(b)(1) (West 2002)). Defendant argues the Supreme Court's recent interpretation of the confrontation clause (U.S. Const., amend. VI), as set forth in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), renders section 115—10 facially unconstitutional in its entirety.

▪ A statute is facially unconstitutional (in contrast to unconstitutional as applied to the defendant) only if one can think of no circumstance in which the statute would be constitutional. *In re C.E.*, 161 Ill. 2d 200, 210-11, 641 N.E.2d 345, 350 (1994); *United States v. Salerno*, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707, 107 S. Ct. 2095, 2100 (1987). Statutes carry a strong presumption of constitutionality, and courts interpret them so as to uphold their constitutionality if reasonably possible. *Hill v. Cowan*, 202 Ill. 2d 151, 157, 781 N.E.2d 1065, 1068 (2002). We ask whether section 115—10, reasonably interpreted, violates the confrontation clause in all conceivable circumstances.

In *Crawford*, 541 U.S. at 68, 158 L. Ed. 2d at 203, 124 S. Ct. at 1374, the Supreme Court held that when the government seeks to introduce a testimonial hearsay statement in a criminal trial, the "reliability" test in *Ohio v. Roberts*, 448 U.S. 56, 66, 65 L. Ed. 2d 597, 608, 100 S. Ct. 2531, 2539 (1980), and *Idaho v. Wright*, 497 U.S. 805, 816, 111 L. Ed. 2d 638, 652-53, 110 S. Ct. 3139, 3147 (1990)—which our legislature codified in section 115—10 (*People v. Sharp*, 355 Ill. App. 3d 786, 796, 825 N.E.2d 706, 713 (2005))—cannot serve as a surrogate for the defendant's sixth-amendment right to confront and cross-examine the declarant. Sections 115—10(a) and (b) provide:

"(a) In a prosecution for a *** sexual act perpetrated upon or against a child ***, the following evidence shall be admitted as an exception to the hearsay rule:
***

(2) testimony of an out[-]of[-]court statement made by the victim describing any complaint of such act or matter or detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual or physical act against that victim.

(b) Such testimony shall only be admitted if:

(1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(2) The child *** *either*:

(A) testifies at the proceeding; *or*

(B) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement; and

(3) In a case involving an offense perpetrated against a child under the age of 13, the out[-]of[-]court statement was made before the victim attained 13 years of age or within 3 months after the commission of the offense, whichever occurs later, but the statement may be admitted regardless of the age of the victim at the time of the proceeding." (Emphases added.) 725 ILCS 5/115—10(a), (b) (West 2002).

Despite the child's "unavailab[ility] as a witness," section 115—10 would allow the admission of the child's testimonial hearsay statement at trial if the trial court found "sufficient safeguards of reliability" and "corroborative evidence of the act which is the subject of the statement." 725 ILCS 5/115—10(b)(1), (b)(2)(B) (West 2002). Defendant cites *In re E.H.*, 355 Ill. App. 3d 564, 577, 823 N.E.2d 1029, 1039 (2005), *appeal allowed*, 215 Ill. 2d 597, 833 N.E.2d 2 (2005) (No. 100202), in which the fifth division of the First District held that section 115—10 was unconstitutional under *Crawford* for that reason.

*E.H.* is distinguishable in that one of the child declarants in that

case never testified at trial (*E.H.*, 355 Ill. App. 3d at 568, 823 N.E.2d at 1032), whereas, in the present case, L.H. did testify and was subject to cross-examination. As our supreme court recently held:

> "[T]he confrontation clause 'does not bar admission of a statement so long as the declarant is present in court to defend or explain it.' *Crawford*, 541 U.S. at 59 n.9, 158 L. Ed. 2d at 197 n.9, 124 S. Ct. at 1369 n.9. Our statutory requirement that the child be available to testify at the proceeding (see 725 ILCS 5/115—10(b)(2)(A) (West 1998)) comports with this limitation." *People v. Cookson*, 215 Ill. 2d 194, 204, 830 N.E.2d 484, 490 (2005).

Insomuch as the appellate court in *E.H.* held section 115—10 to be *facially* unconstitutional (actually, *E.H.* makes no explicit distinction between facial and as-applied unconstitutionality), we respectfully disagree with that decision and follow the binding decision, *Cookson*.

If the defendant has an opportunity to confront and cross-examine the declarant at trial—and that opportunity is fairly implied in the child's "testif[ying] at the proceeding" (725 ILCS 5/115—10(b)(2)(A) (West 2002))—the confrontation clause is utterly indifferent to the evidentiary quality of the hearsay statement. As far as the confrontation clause is concerned, if the child testifies at trial, it is perfectly acceptable to use the *Roberts* criteria—or not to use them. That is why we have held: "Although the 'reliability' test in *Roberts* and *Wright* is defunct as far as the confrontation clause is concerned, it remains a part of the statutory exception to the hearsay rule set forth in section 115—10 of the Code (725 ILCS 5/115—10 (West 2002))." *Sharp*, 355 Ill. App. 3d at 796, 825 N.E.2d at 713.

Defendant argues that "[s]ection 115—10 improperly incorporates an evidentiary standard," *i.e.*, the "reliability" test of *Roberts*, "which has been specifically rejected by the *** Supreme Court [in *Crawford*]." On the contrary, as the first division of the First District recently pointed out in *People v. Cannon*, 358 Ill. App. 3d 313, 320, 832 N.E.2d 312, 317 (2005), "when the declarant appears to testify, *** rather than denying confrontation, the additional requirement of 'sufficient safeguards of reliability' provides defendants with additional protection"—that is, protection over and above the confrontation clause. It is true that in *Crawford*, 541 U.S. at 63, 158 L. Ed. 2d at 200, 124 S. Ct. at 1371, the Supreme Court criticized the "reliability" test as amorphous, subjective, and unpredictable. The only purpose of that criticism, however, was to "vindicate[ ] the Framers' wisdom in rejecting a general reliability exception" to the core constitutional right of confrontation and cross-examination. *Crawford*, 541 U.S. at 62, 158 L. Ed. 2d at 200, 124 S. Ct. at 1371. The arbitrariness of judicial assessments of reliability made it all the more implausible

that the Framers would have settled for them when writing the sixth amendment. No reasonable person would dispute that, ideally, hearsay should have "indicia of reliability" if it is to be admitted at all. The "unpardonable vice of *** *Roberts*" was not its "reliability" test *per se* but the use of that test as a *substitute* for the test that the Framers envisioned: confrontation and cross-examination. *Crawford*, 541 U.S. at 63, 158 L. Ed. 2d at 200, 124 S. Ct. at 1371.

■ Unlike subsection (b)(2)(B), subsection (b)(2)(A) of section 115—10 envisions confrontation and cross-examination. "A statute need not necessarily stand or fall unitarily; some subsections may be constitutional and others not." *Hill*, 202 Ill. 2d at 156, 781 N.E.2d at 1068. We agree with *Cannon* that subsection (b)(2)(A) is severable from subsection (b)(2)(B)—as the disjunctive "either" and "or" in the statute plainly suggest (725 ILCS 5/115—10(b)(2) (West 2002)). *Cannon*, 358 Ill. App. 3d at 319, 832 N.E.2d at 317. "[W]e see no reason why subsection (b)(2)(A), the subsection applied at defendant's trial, which in and of itself is constitutional, could not function independently of subsection (b)(2)(B), which tracks *** *Roberts*'[s] requirements of reliability without requiring the declarant to testify at trial." *Cannon*, 358 Ill. App. 3d at 320, 832 N.E.2d at 317. Because L.H. testified at trial and defense counsel cross-examined her, section 115—10 is not unconstitutional as applied to defendant, let alone facially unconstitutional.

## C. Failure To Perform a *Krankel* Inquiry

■ Defendant contends that the trial court violated *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), and its progeny by failing to inquire into his posttrial allegations of ineffective assistance of counsel. We have reviewed his letter to the trial court, and the conclusory allegations therein do not merit remand. See *People v. Towns*, 174 Ill. 2d 453, 466, 675 N.E.2d 614, 620-21 (1996). Defendant does not specify what the witnesses would have said on the stand or how they would have helped his case. He calls them "witnesses," but it is unclear what they witnessed. Nolan told him the witnesses might take the stand only to admit their lack of knowledge—a reasonable forecast, since none of them were in the house at the time of the incident. Some of the witnesses sent letters, in which they expressed incredulity that defendant had committed the offense—not because they have any firsthand knowledge but because defendant, in their opinion, did not seem the type of person who would do such a thing. One witness hedged her bets by adding that if defendant *did* commit the offense, he deserved to be punished. Another witness requested leniency in the sentence. Defendant seems to offer these letters as representative

samples of what all 20 of the witnesses would have said. One could reasonably infer that none of defendant's recommended witnesses had any information relevant to the question of guilt.

Thus, remand is unnecessary. We note, however, that if defendant can flesh out his claim with sufficient factual allegations, he may still petition for postconviction relief. See *People v. Pope*, 284 Ill. App. 3d 330, 335, 672 N.E.2d 65, 69 (1996).

## D. Presentence Credit

■ Defendant contends he is entitled to an additional day of credit against his sentence. See 730 ILCS 5/5—8—7(b) (West 2002). According to the State, he is entitled to an additional *two* days' credit. We agree with the State. Defendant was arrested on October 17, 2002, and was in custody from that date until sentencing on July 29, 2003—a total of 286 days. Because this court has authority to directly order the clerk of the circuit court to make the necessary corrections, remand to the trial judge is unnecessary. See 134 Ill. 2d R. 615(b)(1); *People v. Hernandez*, 345 Ill. App. 3d 163, 171, 803 N.E.2d 577, 583 (2004), *appeal denied*, 213 Ill. 2d 567 (2005).

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment as modified. We order the clerk of the circuit court to enter a modified sentencing judgment reflecting 286 days of credit for time served between October 17, 2002, and July 29, 2003.

Affirmed as modified and remanded with directions.

MYERSCOUGH, J., concurs.

PRESIDING JUSTICE COOK, dissenting:

I respectfully dissent. I would hold that section 115—10 of the Code (725 ILCS 5/115—10 (West 2002)) is unconstitutional in its entirety and reverse and remand for a new trial.

L.H.'s statements to the police officers were clearly "testimonial." See *Crawford*, 541 U.S. at 53 n.4, 158 L. Ed. 2d at 194 n.4, 124 S. Ct. at 1365 n.4 ("structured police questioning"). One of the officers testified that his role was to assess what evidence was needed. To carry out that role, he conducted a second interview with L.H. at the Children's Advocacy Center, with no one else present, an interview that was not taped. It seems clear that these statements contributed to the conviction. No argument is made that any error was harmless.

The bulk of section 115—10 has been held unconstitutional on its

face. If the child does not testify at the trial, there is no set of circumstances under which the hearsay testimony may be admitted. It is not necessary for a trial court to hear evidence or make findings to reach that conclusion. *In re Parentage of John M.*, 212 Ill. 2d 253, 268, 817 N.E.2d 500, 508-09 (2004). We accordingly are not dealing with a statute that is unconstitutional only as applied.

The basic purpose of section 115—10 was to allow the child's hearsay statements into evidence even though the child was unable to testify, was unable to relate the details of the incident at trial. *People v. Holloway*, 177 Ill. 2d 1, 9-10, 682 N.E.2d 59, 63 (1997) (children's testimony in these cases is often inadequate). That basic purpose has now been thwarted. Is there another purpose? Was it the legislature's purpose to admit children's hearsay when the child is fully able to testify? Admission of hearsay is, of course, unnecessary when the child is able to testify. There are also problems with admitting hearsay when the child is able to testify. Inadmissible hearsay gives the State the advantage of having the victim testify twice and serves to unfairly add heft to the State's case. *People v. Bowen*, 183 Ill. 2d 103, 126-30, 699 N.E.2d 577, 589-91 (1998) (McMorrow, J., dissenting).

True, section 115—10 was written in broad terms. Section 115—10 was not limited to cases where the child was unable to testify. It appears the legislature wanted the hearsay admitted, whether or not the child testified, to avoid controversy over whether the child had "testified." We would not want defense counsel to make the argument that the witness had spoken a few words on the stand; therefore, she had testified and the hearsay statements could not be used. Interestingly, that same argument is now made in reverse. We have held that the child has "appeared" for cross-examination at trial, and, therefore, *Crawford* does not apply, if the child is simply placed in the witness chair, unable to answer a single question. *People v. Sharp*, 355 Ill. App. 3d 786, 792-96, 825 N.E.2d 706, 710-13 (2005).

The question here is not whether we should interpret section 115—10 so as to uphold its constitutionality if reasonably possible. The basic provision of section 115—10 is clearly unconstitutional. If part of a statute is unconstitutional, the question becomes whether the legislature would have passed the valid portions of the statute absent the invalid portions. *People v. Warren*, 173 Ill. 2d 348, 372, 671 N.E.2d 700, 712 (1996). Would the legislature have allowed cumulative testimonial evidence when that evidence was unnecessary because the child was able to testify? Would the legislature really enact a new section 115—10 that is only a shell of its former self, a section that allows the admission of children's hearsay only where it is unnecessary and unfair? We should not make that assumption.