No. 2--06--0462          Filed: 5-8-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of  Du Page  County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--2889 |
| W.B. BOLTON, | ) ) ) | Honorable Kathryn E. Creswell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE GROMETER delivered the opinion of the court:

Defendant, W.B. Bolton, was convicted of burglary (720 ILCS 5/19--1(a) (West 2004)), following a jury trial in the circuit court of Du Page County. The trial court imposed an extended-term sentence of 12 years' imprisonment. He now appeals, challenging both his conviction and his sentence. He argues that the trial court did not conduct an adequate inquiry into his pro se claim of ineffective assistance of counsel (see People v. Moore, 207 Ill. 2d 68, 77-79 (2003)) and that his sentence violates the rule set forth in Apprendi v. New Jersey, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000). We disagree with both contentions, and, accordingly, we affirm.

I. BACKGROUND

Defendant's burglary conviction stems from an incident in which defendant allegedly entered a grocery store in Wheaton with the intent to commit a theft. Specifically, defendant entered the store while in possession of a fake identification card and a check belonging to someone else. Defendant attempted to use the check to purchase various items and also obtain some cash. See People v. Smith, 264 Ill. App. 3d 82, 86 (1994), quoting People v. Weaver, 41 Ill. 2d 434, 439 (1968) (" 'But authority to enter a business building, or other building open to the public, extends only to those who enter with a purpose consistent with the reason the building is open. [Citation.] An entry with the intent to commit a theft cannot be said to be within the authority granted patrons of a laundromat' "). Knowingly passing a bad check constitutes theft. People v. Reans, 20 Ill. App. 3d 1005, 1006-08 (1974). Defendant does not challenge the sufficiency of the evidence, so we need not set it forth in more detail.

Following his trial, defendant filed a pro se motion. The motion contained, inter alia, the following statement: "Counsel failed to anything [sic] in preparation for a trial, field [sic] no motions to suppress video, indictment/information, etc." At a hearing on the motion, the trial court asked about several things defendant listed in the motion regarding his counsel's purported ineffectiveness. The court first inquired regarding defendant's claim that counsel should have called Officer Gruden to testify because there was a discrepancy between his police report and a surveillance videotape. After extensively discussing that claim, the trial court asked, "What else?" Defendant brought up counsel's failure to call other witnesses, including his sister, to testify. Also, defendant addressed counsel's failure to place into evidence the clothing he was wearing at the time of his arrest, as there was apparently some dispute regarding his description. The court then asked, "Okay, Anything else?" Defendant replied, "It's several things, if you want to get into it." The court stated, "I do want

to get into it. You've raised the issues so I want you to tell me what your complaints are." Defendant brought up Gruden again. Defendant then complained that counsel did not keep him adequately apprised of what was transpiring. Defendant stated that he lost faith in counsel, that counsel failed to present evidence and withheld evidence, and that counsel refused to file a motion to dismiss as defendant requested. The court inquired as to the basis of the motion to dismiss, and defendant explained that he believed that the grand jury testimony did not support the charge. The court again asked, "Anything else?" Defendant again mentioned Gruden's police report. Once more, the court asked, "Anything else?" Defendant stated, "There is so much." Defendant explained that he and counsel did not get along. He also reiterated that counsel did not present "all the facts." Notably, during this lengthy conversation with the court, despite the court's repeated open-ended questions, defendant never mentioned suppressing his confession.

The case then moved to the sentencing phase. The presentence report indicated that defendant had previously been convicted of "Aggravated Vehicle Hijacking" and "Possession of Controlled Substance." The former is a Class X felony. 720 ILCS 5/18--4(b) (West 2004). The latter, depending on the circumstances, could be a Class 4 felony. See 720 ILCS 570/402(c) (West 2004). The State, however, had a copy of a sentencing order that it believed was a result of that latter conviction. According to the order, defendant was actually convicted of possession of a controlled substance with intent to deliver, a Class 2 felony. That document contained the notation, "PCS W/I." Defense counsel consulted with defendant, and defendant recalled being convicted only of simple possession. This difference is important because, if defendant had been previously convicted of two Class 2 or greater offenses, he was subject to sentencing as a Class X offender. 730 ILCS 5/5--5--3(c)(8) (West 2004).

The trial court granted a continuance, and a transcript of the sentencing hearing in the earlier possession case was obtained. When the hearing resumed, defense counsel pointed out to the trial court that the transcript stated that the sentencing order was entered on July 25, 1996, but that the court reporter's certification stated that the hearing at issue took place on July 25, 1997. Defense counsel stated that, based on this discrepancy, defendant was "still disputing the class of that offense." The trial court inquired as to the terms of the guilty plea that were reflected in the transcript. Defense counsel informed the court that the transcript stated that defendant was charged with a Class 1 felony but that, after a Rule 402 conference (177 Ill. 2d R. 402), it was amended to a Class 2 felony. The trial court then asked the State whether it had a certified copy of the conviction. The State indicated that it had only a fax copy,[1] but that the copy showed the date of the conviction as July 25, 1996 (which is also the date indicated in the presentence report). The trial court noted that the cover page of the transcript was dated July 25, 1996, as well. The transcript is not a part of the record on appeal. The court then found that the conviction was of a Class 2 felony, specifically noting that nothing corroborated defendant's recollection that the conviction was of simple possession. It sentenced defendant to 12 years' imprisonment. Defendant now appeals.

## II. ANALYSIS

Defendant first argues that the trial court failed to make an adequate inquiry into his pro se posttrial motion alleging that his trial attorney was ineffective. Defendant also argues that the

---

[1]It is unclear whether this copy of the order is the same one referred to before the sentencing hearing was continued. The difference is not significant in that neither appears to have been a certified copy.

sentence imposed by the trial court violated his right to a jury trial (U.S. Const., amends. VI, XIV). We will address these arguments in turn.

### A. Defendant's Pro Se Posttrial Motion

In People v. Krankel, 102 Ill. 2d 181, 189 (1984), the supreme court held that, where a defendant has set forth a colorable claim of ineffective assistance of counsel, new counsel should be appointed before conducting a hearing on that claim. Nevertheless, when a defendant makes a pro se allegation of ineffective assistance of counsel, it is not always necessary to appoint new counsel. Moore, 207 Ill. 2d at 77. New counsel is required only where the defendant's allegation shows "possible neglect" of the case. Moore, 207 Ill. 2d at 78. Conversely, if a claim lacks merit or concerns matters of trial strategy, new counsel need not be appointed. People v. Williams, 147 Ill. 2d 173, 251 (1991). Thus, the trial court must inquire regarding the factual basis of a defendant's claim. Moore, 207 Ill. 2d at 77-78. Generally, the inquiry will take one of three forms. Often, some discussion between the trial court and defense counsel is necessary. Moore, 207 Ill. 2d at 78. The trial court may also discuss the allegations with the defendant. Moore, 207 Ill. 2d at 78. Finally, the trial court may rely on its own recollection of trial counsel's performance. Moore, 207 Ill. 2d at 79. Usually, the relevant question on appeal concerns the adequacy of the trial court's inquiry into the defendant's claims. People v. Johnson, 159 Ill. 2d 97, 125 (1994).

However, in this case, a preliminary question presents itself. Defendant is arguing that the trial court should have inquired regarding counsel's failure to file a motion to suppress his confession. Defendant never mentioned this issue in his pro se posttrial motion or during his discussion with the trial court regarding his motion. Instead, he merely articulated, in his written motion, "Counsel failed to anything [sic] in preparation for a trial, field [sic] no motions to suppress

video, indictment/information, etc." Thus, the question we must first resolve is whether the trial court was obligated to specifically inquire regarding counsel's not attempting to suppress the confession, based on defendant's pro se motion's general reference to motions to suppress. Indeed, characterizing the reference as "general" is probably inappropriate, since defendant articulated three specific things that he thought should have been suppressed--a video, the indictment, and/or the information. Cf. People v. Cuadrado, 214 Ill. 2d 79, 89 (2005) ("This court has held that a specific objection waives all other unspecified grounds").

In any event, the case law we have located is not favorable to defendant's position. In People v. Reed, 361 Ill. App. 3d 995, 998 (2005), for example, the defendant wrote a letter to the trial court complaining that his trial attorney, Nolan, failed to subpoena certain witnesses. He enclosed a list of 20 witnesses as well as letters from some of them. Reed, 361 Ill. App. 3d at 998-99. The trial court did not address the defendant's letter. Reed, 361 Ill. App. 3d at 999. The reviewing court held:

"Defendant contends that the trial court violated [Krankel] and its progeny by failing to inquire into his posttrial allegations of ineffective assistance of counsel. We have reviewed his letter to the trial court, and the conclusory allegations therein do not merit remand. [Citation.] Defendant does not specify what the witnesses would have said on the stand or how they would have helped his case." Reed, 361 Ill. App. 3d at 1003.

Thus, in Reed, even though the defendant specified that he was complaining of counsel's failure to call witnesses and identified 20 of those witnesses, the reviewing court found his allegations "conclusory" and insufficient to obligate the trial court to inquire further. Thus, it appears that a fair degree of specificity is necessary to obligate the trial court to inquire regarding a particular subject.

Similarly, in People v. Horton, 193 Ill. App. 3d 695, 706 (1990), rev'd in part on other grounds, 143 Ill. 2d 11 (1991), the court, discussing People v. Jackson, 131 Ill. App. 3d 128 (1985), an early case interpreting Krankel wrote:

"Defendant contends Jackson requires a trial court to probe into a defendant's allegation of ineffective assistance. This reading is off the mark. Jackson states only that the factual matters underlying the claim should be examined. The opinion does not state that the court has an obligation to uncover factual matters defendant may not have articulated."

Some of this language may be a bit broad. There are certain times a court must "probe into a defendant's allegations of ineffective assistance," namely, when a defendant has set forth sufficient factual allegations to mandate such an inquiry. Nevertheless, the point of this passage is well taken. A trial court is under no obligation to inquire regarding unarticulated facts and issues.

Another case that provides us with some guidance is People v. Milton, 354 Ill. App. 3d 283 (2004). There, the First District observed: "Based on the specific facts and claims in defendant's motions, the court concluded the alleged errors were matters of trial strategy or could be disposed of based upon the trial judge's knowledge of what occurred at trial." (Emphasis added.) Milton, 354 Ill. App. 3d at 293. The defendant claimed that the trial court did not have sufficient information to rule on his pro se motion. After rejecting that claim, the court added:

"In addition, defendant had the opportunity to raise any additional facts to support his motions during sentencing, which was conducted at the same hearing. The court allowed defendant to speak, and although defendant chose to talk about his motions, he did not present any specific facts to support his allegations. Instead, he focused on attacking the police officers' credibility." Milton, 354 Ill. App. 3d at 293.

Similarly, in this case, defendant was given an extensive opportunity to address the court during the hearing on his pro se motion. On three occasions, the trial court asked defendant if he had anything else he wished to bring up. He raised numerous issues, but never mentioned suppressing his confession. As in Milton, any gap in the trial court's knowledge regarding the potential viability of a motion to suppress defendant's confession was because of defendant's failure to call the court's attention to the matter despite having ample opportunity to do so.

Other cases further undermine defendant's argument. In People v. Tursios, 349 Ill. App. 3d 126, 133 (2004), this court stated: "The record in this case simply does not show that the trial court was presented with specific allegations of ineffective assistance of counsel such that it was required to inquire further. A trial court is not required to chase after hearsay and rumors." (Emphasis added.) In People v. Ford, 368 Ill. App. 3d 271, 276 (2006), quoting People v. Burks, 343 Ill. App. 3d 765, 774 (2003), quoting People v. Johnson, 159 Ill. 2d 97, 126 (1994), the First District held: "In addition, where the trial court's probe reveals that defendant's claims are ' "conclusory, misleading, or legally immaterial" or do "not bring to the trial court's attention a colorable claim of ineffective assistance of counsel," the trial court may be excused from further inquiry.' " By implication, if a defendant's claims are conclusory on their face and the defendant does not provide any detail when given the opportunity, no further inquiry is needed. A corollary to this conclusion is that the trial court need inquire about only those matters that a defendant identifies with sufficient specificity to put the trial court on notice of the issue.

This rule makes sense, and, for that matter, the rule defendant proposes would be unworkable. If alleging that counsel should have filed a motion to suppress were sufficient to put a trial court on notice that it is required to inquire about a motion to suppress a confession, it would

also be sufficient to obligate the trial court to examine every possible sort of motion to suppress. For example, there was physical evidence presented in this case about which the trial court could have inquired. Further, if a defendant alleged simply that counsel should have filed a motion, would that obligate the trial court to inquire regarding every type of potential motion? Imposing a duty upon the trial court to investigate every potential unarticulated issue, or every such issue implicated by a general allegation, would, in essence, turn the trial court into counsel for the accused, combing the record for error.

The better rule requires the trial court to inquire regarding issues of which it has notice. Indeed, a general allegation may require a general inquiry. That is, if a defendant merely states, "trial counsel is ineffective," a court should at least ask "how" and give the defendant a chance to elaborate. In this case, defendant was given repeated chances to elaborate. The trial court asked defendant at least three times whether he had anything else to add. Defendant articulated several issues; however, he advances none of them on appeal. The one issue he does raise on appeal, regarding suppression of his confession, was not presented to the trial court during posttrial proceedings, except in the most general of ways. Thus, the trial court had no duty to inquire about it.

Accordingly, we reject defendant's claim of error on this point. Defendant's conviction is affirmed. If, however, there is a basis for this claim and "defendant can flesh out his claim with sufficient factual allegations, he may still petition for postconviction relief." Reed, 361 Ill. App. 3d at 1004.

B. Apprendi

Apprendi v. New Jersey, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000), holds:

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Defendant contends that this rule was violated when the trial court determined that he had previously been convicted of two felonies of Class 2 or greater. Defendant acknowledges that he had been convicted of one such felony. However, at sentencing, he disputed that he had previously been convicted of possession of a controlled substance with intent to deliver (720 ILCS 570/401(d) (West 1996)), which is a Class 2 felony. Defendant informed the trial court that he recalled that the conviction was of simple possession, a Class 4 felony (720 ILCS 570/402(c) (West 1996)). This is significant because two prior convictions of felonies of Class 2 or greater would subject defendant to sentencing as a Class X offender. 730 ILCS 5/5--5--3(c)(8) (West 2004). We review this issue de novo. See People v Johnson, 372 Ill. App. 3d 772, 779 (2007).

The presentence investigation report is ambiguous on this point. It states simply that defendant was convicted of "Possession of Controlled Substance." It also indicates that defendant was sentenced to three years' imprisonment. A three-year sentence is within the range of both a Class 2 and a Class 4 felony. See 730 ILCS 5/5--8--1(a)(5), (a)(7) (West 2004). The State produced a sentencing order that read "PCS W/I," and it argued that defendant had been convicted of the Class 2 offense. Presumably, "W/I" stands for "with intent." This document was not a certified copy, and it had been received by fax.

The trial court granted a continuance so defendant could obtain a transcript of the sentencing hearing for the earlier offense. When the hearing recommenced, defense counsel acknowledged that the transcript stated that defendant had been charged with a Class 1 felony and that, after a Rule 402 conference, the charge was amended to a Class 2 felony. However, defense counsel pointed out that the transcript states that defendant was convicted on July 25, 1996, but the court reporter's certification of the transcript indicates that the hearing was held on July 25, 1997, a year later. Defendant continued to object to the transcript based on this discrepancy.[2] The State produced a fax copy of the conviction, but did not produce an original. The trial court considered all of the documents produced by the parties as well as defendant's purported recollection of the earlier conviction. It found that defendant had been convicted of a Class 2 felony and was thus eligible for Class X sentencing.

Defendant now argues that, since this finding increased the range of his possible punishment to the Class X level, Apprendi requires that it should have been made by the jury. Defendant does not contend that the trial court made the wrong decision (i.e., that the decision was against the manifest weight of the evidence); rather, he questions the trial court's authority to decide the issue at all. On its face, Apprendi exempts from its scope "the fact of a prior conviction." Apprendi, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Defendant emphasizes that the relevant fact in this case, namely, the class of the felony of which he was previously convicted, was disputed. He asserts, "Under Apprendi, contested facts that go beyond the mere fact of a prior conviction are subject to traditional jury trial and due process safeguards." Defendant points to a passage from

---

[2]Defendant does not press this argument on appeal and instead focuses on the propriety of the trial court determining what offense he had been convicted of.

Apprendi, 530 U.S. at 488, 147 L. Ed. 2d at 454, 120 S. Ct. at 2361-62, where the Court, discussing the recidivism exception to the jury trial requirement set forth in Almendarez-Torres v. United States, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998), explained that, because the defendant in Almendarez-Torres admitted to three earlier convictions, any due process and sixth amendment concerns were minimized regarding the judge deciding the fact of the earlier convictions that increased the defendant's punishment. In the present case, defendant has made no such admission. It is defendant's position, in essence, that, unless every fact about a conviction is undisputed and the sole question is whether a precisely defined conviction occurred, the question must be submitted to the jury.

We do not believe that this line between contested and admitted facts is the one drawn by Apprendi and its progeny. The key question is not whether the facts regarding the prior conviction are disputed; rather, the issue is what material the fact finder must use to resolve that dispute. That was made clear in Shepard v. United States, 544 U.S. 13, 161 L. Ed. 2d 205, 125 S. Ct. 1254 (2005). Shepard involved a prosecution under the Career Criminals Amendment Act of 1986, popularly known as the Armed Career Criminal Act (the Act) (18 U.S.C. §924(e) (2000 ed. and Supp. II)). Convictions of certain "violent felonies" result in sentencing enhancements under the Act. Shepard, 544 U.S. at 15, 161 L. Ed. 2d at 211, 125 S. Ct. at 1257. Burglary is a violent felony only if committed in an enclosed space or building (called "generic burglary"), but not if committed in a motor vehicle or boat. Some states' burglary statutes do not draw this distinction, so it is necessary to conduct a further inquiry to determine whether a burglary in such a state constituted a violent crime for the purposes of the Act. The Court had decided in a pre-Apprendi case that a trial court may consider the statutory elements of a crime, the charging documents, and the jury instructions

to determine whether an earlier burglary conviction constituted a violent felony for the purpose of enhancing a sentence under the Act. Taylor v. United States, 495 U.S. 575, 602, 109 L. Ed. 2d 607, 629, 110 S. Ct. 2143, 2160 (1990). The Court noted that the Act "generally supports the inference that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." Taylor, 495 U.S. at 600, 109 L. Ed. 2d at 628, 110 S. Ct. at 2159.

In Shepard, the State argued that, in addition to the materials approved in Taylor, it should be able to offer police reports and complaint applications to establish that an earlier conviction was of generic burglary. Shepard, 544 U.S. at 16, 161 L. Ed. 2d at 211, 125 S. Ct. at 1257. The Court rejected the State's argument; however, it did expand somewhat the list that it had set forth in Taylor somewhat to include: "the statutory definition, charging document, written plea agreement, transcript of plea colloquy,[3] and any explicit factual finding by the trial judge to which defendant assented." Shepard, 544 U.S. at 16, 161 L. Ed. 2d at 211, 125 S. Ct. at 1257. The Court later added "or to some comparable judicial record of this information," which would presumably encompass things like a bystander's report. Shepard, 544 U.S. at 26, 161 L. Ed. 2d at 218, 125 S. Ct. at 1263. The Court also explained:

"While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones and Apprendi, to say that Almendarez-Torres clearly authorizes a

---

[3]More specifically, a transcript of a plea colloquy where the defendant "accepted findings of fact confirming the factual basis for a valid plea." Shepard, 544 U.S. at 25, 161 L. Ed. 2d at 217, 125 S. Ct. at 1262.

judge to resolve the dispute." (Emphasis added.) Shepard, 544 U.S. at 25, 161 L. Ed. 2d at 217, 125 S. Ct. at 1262.

The problem with allowing a trial court to rely on police reports and complaint applications is that it involves the court in making findings about the facts underlying the previous conviction as opposed to about the conviction itself.

The Seventh Circuit provides a useful summary of Shepard:

"As the Court explained in Shepard, [544 U.S. at 25-26, 161 L. Ed. 2d at 217, 125 S. Ct. at 1262,] a sentencing court is entitled to classify and take into account the nature of a defendant's prior convictions, provided that the judge does not engage in factfinding about what the accused did (as opposed to what crime he has been convicted of). [The defendant] does not contend that the judge went behind the existence of his priors to engage in a factual rather than a legal analysis of his former criminal behavior." (Emphasis in original.) United States v. Carpenter, 406 F.3d 915, 917 (7th Cir. 2005).

Indeed, it would be no more appropriate for a trial court to enhance a defendant's sentence based on an examination of the facts underlying a conviction than it would be to permit a defendant during sentencing to collaterally attack an earlier conviction in hopes of a more lenient sentence.

With these principles in mind, we will reexamine the actions the trial court took in determining whether defendant was subject to sentencing as a Class X offender. The trial court first considered the presentence report, which contained the notation, "Possession of Controlled Substance," but did not elaborate further. The court also considered defendant's recollection of the earlier proceedings. Defense counsel informed the trial court, after conferring with defendant, that "that case was a simple possession, Class 4 felony." The State presented a fax copy of a sentencing

order, which apparently read "PCS W/I." Finally, the trial court considered a transcript of the sentencing hearing in the earlier case. All we know about that transcript, which has not been made part of the record, is that it indicates that defendant was charged with a Class 1 felony, but, after a Rule 402 conference, the charge was amended to a Class 2 felony. Notably, we do not know what was presented as the factual basis for defendant's plea. This is significant, for, in accordance with Shepard, 544 U.S. at 25, 161 L. Ed. 2d at 217, 125 S. Ct. at 1262, a court may consider a "defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea."

Defendant, as the appellant, bore the burden of presenting a sufficient record on appeal to allow effective review. People v. Kamide, 254 Ill. App. 3d 67, 74 (1993). Therefore, "[w]hen the record presented on review is incomplete, a reviewing court must construe any omission in favor of the judgment rendered by the court below." People v. James, 337 Ill. App. 3d 532, 533 (2003). Accordingly, we must assume that the transcript of the earlier plea hearing contained a sufficient factual basis of a Class 2 felony to support the trial court's ruling and that defendant assented to that factual basis.

Thus, the trial court did not violate the rule set forth in Shepard. As set forth above, the court focused its inquiry on what the court did in the earlier proceeding. It looked to the presentence report, which stated simply "Possession of Controlled Substance" without providing any detail, a sentencing order, and a transcript, the discussion of which concerned the charge to which defendant pleaded guilty. There is no indication that the trial court considered defendant's actual conduct as it related to that earlier conviction. Examining the results of the proceedings as they are embodied in the documents permitted by Shepard is perfectly acceptable. Carpenter, 406 F.3d at 917. The trial

court did not go "behind the existence of his priors to engage in a factual rather than a legal analysis of his former criminal behavior." Carpenter, 406 F.3d at 917. Since the trial court remained within the bounds of the inquiry permitted by Shepard, we affirm defendant's sentence.

### III. CONCLUSION

In light of the foregoing, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and CALLUM, JJ., concur.